**Anthony HARRIS, Plaintiff–Appellant,**

v.

**CHALLENGER MOTOR FREIGHT, INC.; Ms Carriers; Mark Moir, Individually and as President of Challenger Motor Freight (U.S.), Inc.; Kenneth**

Bowers, Individually and as Director of Operations of Challenger Motor Freight (U.S.), Inc.; Daniel Einwechter, Individually and as President/CEO of Challenger Motor Freight, Inc., Canada; Enno Jakobson, Individually and as Vice President of Risk Management of Challenger Motor Freight, Inc., Canada, Defendants–Appellees.

No. 00–3049.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before BATCHELDER and COLE, Circuit Judges; and BECKWITH, District Judge.*

**OPINION**

PER CURIAM.

Plaintiff–Appellant Anthony J. Harris alleges that he was the subject of discriminatory treatment and retaliation at the hands of his former employer, Challenger Motor Freight (U.S.), in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Ohio Revised Code § 4112.02. He also alleges that Challenger and the other defendants intentionally caused him emotional distress, for which they should be held liable under Ohio law. Finding that Harris had failed to establish a prima facie case of discrimination or retaliation and that he had failed to create a genuine issue of material fact on the intentional infliction of emotional distress question, the district court granted the motion for summary judgment as to each claim in favor of Defendants–Appellees Challenger Motor Freight (U.S.), Inc. ("Challenger"); Challenger Motor Freight, Inc. ("Challenger Canada"), the parent company of Challenger; Mark Moir, the former president of Challenger; Kenneth Bowers, the former Director of Operations for Challenger; Enno Jakobson, Vice President of Risk Management for Challenger and Challenger Canada; Daniel Einwechter, President and Chief Executive Officer of Challenger Canada; and M.S. Carriers, Inc. ("M.S.Carriers"), the successor corporation of Challenger [all collectively referred to herein as "Defendants"].

After careful review of the record in this case, the applicable law, counsels' briefs and arguments, and the opinion of the district court, we conclude that the district court did not err in finding in favor of Defendants–Appellees. Because the court below thoroughly analyzed Plaintiff–Appellant Harris' contentions in its memorandum opinion, we believe that the issuance of a full written opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set out in the opinion below, we **AFFIRM** the order of the district court.

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.